IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID PEARSON, et al.,

    Plaintiffs,

    v.

SAFECO INSURANCE COMPANY OF
INDIANA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-4028-TWT

**OPINION AND ORDER**

This is a breach of contract action stemming from a dispute over insurance coverage. It is before the Court on the Plaintiffs David and Elizabeth Pearson's Motion to Remand [Doc. 5] and the Defendant Safeco Insurance Company of Indiana's Motion to Dismiss [Doc. 4]. For the following reasons, the Plaintiffs' Motion to Remand is GRANTED in part and DENIED in part, and the Defendant's Motion to Dismiss is DENIED.

**I. Background**

This dispute stems from Safeco's partial denial of coverage under a homeowner's insurance policy that had been purchased by the Pearsons. The Pearsons are Florida domiciliaries, while Safeco is an Indiana corporation with its principal place of business in Massachusetts. The other Defendant, Big Red

Construction Company, is incorporated and has its principal place of business in Georgia.

On January 29, 2016, Mr. Pearson discovered that a water heater had malfunctioned and caused water damage to their home.[1] That same day, Mr. Pearson notified Safeco of the loss, which the Plaintiffs contend was covered under the Policy.[2] After filing their claim, the Pearsons allege that a Safeco agent and field adjuster met with the Pearsons at their home and advised them not to commence remediation until Safeco determined whether or not the water damage was covered under the Policy.[3] Safeco then hired an expert, Jeffrey Tarbutton, to determine the cause of the water damage.[4] Tarbutton came to the Pearsons' home and conducted an inspection on February 11, 2016.[5] After Tarbutton's inspection, on February 15, 2016, Safeco told the Pearsons that they should begin the water mitigation process as soon as possible.[6] Three days later, on February 18, 2016, the Pearsons hired Big Red to do just that.[7] Then, on February 25, 2016, an Industrial Environmental Professional named George

---

[1] Compl. ¶ 26.

[2] *Id.* at ¶ 36.

[3] *Id.* at ¶¶ 39-40.

[4] *Id.* at ¶ 43.

[5] *Id.* at ¶ 45.

[6] *Id.* at ¶ 46.

[7] *Id.* at ¶ 48.

Osborne determined that mold was present at all levels of the home and in the HVAC system.[8] Osborne recommended that the Pearsons remove and replace all wallboard, insulation, fiberglass ductwork, and other porous materials in the home to insure that the mold problem was fully remediated.[9] Such a large remediation job was costly, and required the Pearsons to move out of their home for a significant period of time.

Despite Tarbutton's and Osborne's reports confirming the cause and extent of the damage, the Pearsons allege that Safeco only paid them a portion of what they are owed under the Policy.[10] Safeco, for its part, has claimed that some of the damage to the home was not covered under or was limited by the Policy, and has suggested that some of the damage might be the fault of Big Red.[11]

As a result of Safeco's denial, the Pearsons first filed suit against Safeco and Big Red in state court on May 22, 2017. At the time of filing, the Pearsons submitted documents necessary for service on Big Red and Safeco to the DeKalb County and Gwinnett County Sheriffs' Offices, respectively. The Gwinnett County Sheriff served Safeco just three days later, on May 25, 2017, but the DeKalb County Sheriff did not serve Big Red until June 21, 2017. In the

---

[8] *Id.* at ¶ 63.

[9] *Id.*

[10] *Id.* at ¶¶ 79-81.

[11] *Id.* at ¶ 219.

meantime, Safeco filed a Notice of Removal on June 15, 2017. The Pearsons filed a Motion to Remand, arguing that the ability for cases to be removed should not turn on the timing of service. When this Court disagreed, the Pearsons voluntarily dismissed their case on September 1, 2017.[12]

That same day, Safeco filed a declaratory judgment action in this Court.[13] Before the Pearsons waived service, however, they renewed their action against Safeco and Big Red pursuant to O.C.G.A. § 9-2-61(a) by filing this Complaint in the state court of Cobb County on September 7, 2017.[14] This time around, Big Red was served the same day the Complaint was filed, and Safeco was served on September 12.[15] Safeco again filed a Notice of Removal on October 11, 2017. The Pearsons now move to remand this action back to state court. Safeco, meanwhile, moves to dismiss the action, or in the alternative, to consolidate this action with the Declaratory Judgment Action, stay the litigation, and compel an appraisal of damage to the Pearsons' home.

---

[12] *See Pearson v. Safeco Ins. Co. of Indiana*, 17-CV-2246-TWT (September 1, 2017 Order) (*hereinafter* "Previous Action").

[13] *See Safeco Ins. Co. of Indiana v. Pearson*, 17-CV-3335-TWT (*hereinafter* Declaratory Judgment Action").

[14] Compl. ¶ 1. Safeco sent a request for waiver of service on September 12, which the Pearsons returned the following day. *See* Declaratory Judgment Action [Doc. 5].

[15] *See* Pls.' Motion to Remand, at 2 [Doc. 5-1].

## II. Legal Standard

The authority of federal courts is limited; that is, they may only hear those cases which the Constitution and the Congress of the United States have authorized them to hear.[16] Any action originally filed in state court may be removed by a defendant to federal court if it would otherwise meet the constitutional and statutory requirements for original federal jurisdiction.[17] "A removing defendant has the burden of proving the existence of federal jurisdiction."[18] Due to the limited nature of federal jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand" to the originating state court.[19]

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[20] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even

---

[16] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[17] *See* 28 U.S.C. § 1441.

[18] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

[19] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[20] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

if the possibility of recovery is extremely "remote and unlikely."[21] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[22] Generally, notice pleading is all that is required for a valid complaint.[23] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[24]

### III. Discussion

#### A. Motion to Remand

Federal courts are authorized to hear cases when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[25] Generally speaking, actions may not be removed solely based on diversity jurisdiction if any defendant is a citizen of the state in which the action was originally brought.[26] This is known as the "resident defendant" exception to

---

[21] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

[22] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[23] *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[24] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

[25] 28 U.S.C. § 1332(a).

[26] *Id.* at 28 U.S.C. § 1441(b)(2).

removal. Because Big Red is a citizen of Georgia, this action should not be removable under the general rule.

However, as is often the case, there is an exception to the exception. Defendants may still remove actions otherwise not removable if they can show that the party defeating jurisdiction was fraudulently joined.[27] "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[28] There are only a few circumstances in which this occurs. "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts."[29]

For a long time, these were the only two examples of fraudulent joinder. But in *Tapscott v. MS Dealer Service Corp.*,[30] the Eleventh Circuit said that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." In doing so, the *Tapscott Court* created a third example of fraudulent joinder, more commonly known as "fraudulent misjoinder." Importantly though, "mere misjoinder" is not

---

[27] *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

[28] *Id.*

[29] *Id.* (citations omitted).

[30] 77 F.3d 1353 (11th Cir. 1996).

enough; the misjoinder must be "egregious."[31] The Eleventh Circuit later said this meant situations "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."[32] In other words, a defendant must show that the jurisdiction defeating party was not only (1) misjoined, but also that (2) there was no reasonable basis to attempt to join them.[33]

### 1. Fraudulent Joinder

Safeco argues that Big Red's inclusion in this litigation is an example of both the first and third types of fraudulent joinder. Regarding the first type, the Pearsons "need not have a winning case against" Big Red; rather, they "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."[34] In other words, if "there is even a *possibility* that a state court would find that the complaint states a cause of action against" Big Red,

---

[31] *Id.* at 1360.

[32] *Triggs*, 154 F.3d at 1287.

[33] *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003) ("Even if a non-diverse plaintiff may have a valid cause of action against a defendant, that plaintiff may not prevent removal based on diversity of citizenship if there is no reasonable basis for the joinder of that non-diverse plaintiff with the other plaintiffs.").

[34] *Triggs*, 154 F.3d at 1287.

then the Court "*must* find that the joinder was proper and remand the case to the state court."[35]

The Pearsons have alleged one count of negligence against Big Red. The elements of a negligence claim under Georgia law are the existence of a legal duty, the breach of that duty, damages, and a causal connection between the alleged conduct and the plaintiff's injury.[36] Because Georgia law only requires notice pleading, the Plaintiffs must simply allege facts sufficient to put a defendant on notice of the claim.[37] Said another way, "[n]o technical forms of pleadings or motions are required under [Georgia law], and a pleading is sufficient if it provides a party with fair notice of the claim or defense asserted against it."[38] The Complaint clearly alleges facts sufficient to put Big Red on notice of their negligence claim. They allege that Big Red had been engaged to mitigate and repair the water damage caused by the water heater, that it failed to do so diligently, and that the Pearsons suffered damages as a result. This establishes a duty, breach, causation, and damages. Therefore, the Pearsons

---

[35] *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

[36] *Wilcher v. Redding Swainsboro Ford Lincoln Mercury, Inc.*, 321 Ga. App. 563, 566-567 (2013).

[37] *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (stating that federal courts should look to state court pleading standards to determine whether a state court would find a cause of action had been stated).

[38] *Georgia Power Co. v. Stowers*, 282 Ga. App. 695, 697 (2006).

have sufficiently stated a potential cause of action against Big Red in state court. With regard to the first type, Big Red is not fraudulently joined.

### 2. Fraudulent Misjoinder

Turning to the third type, the Court looks to Georgia's permissive joinder statute to determine whether Big Red was fraudulently misjoined.[39] The Georgia rule states in relevant part:

> All persons may be joined in one action as defendants if there is [1] asserted against them jointly, severally, or in the alternative any right to relief [2] in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and [3] if any question of law or fact common to all of them will arise in the action.[40]

Here, the Plaintiffs' claims against Big Red operate as an alternative right to relief; that is, if Safeco is not liable for the damage under the insurance contract because of any negligence by Big Red, the Pearsons would have the possibility of recovering from Big Red for the damages it was responsible for. Both claims arise out of the same series of occurrences, namely, the water leakage and its subsequent damage. And common questions of fact related to the scope and

---

[39] *Compare Tapscott*, 77 F.3d at 1355 n.1 (using Rule 20 of the Federal Rules of Civil Procedure, but noting that it was identical to Alabama's rule governing joinder) *with* E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 590-606 (2006) (explaining why use of the state joinder rule is more appropriate). *But see Triggs*, 154 F.3d at 1288 (using the federal rule without explanation). The outcome is the same either way.

[40] O.C.G.A. § 9-11-20.

cause of the mold and water damage in the Pearsons' home are going to be essential to proving both claims. Thus, it is entirely possible that a state court would find that Big Red's joinder in this case was proper.

But even if a state court did not find joinder to be proper, the misjoinder of Big Red in this litigation does not rise to the level of egregiousness required by *Tapscott*. In that case, the Eleventh Circuit found joinder to be egregious because neither claim had any relation to each other whatsoever, in fact or in law, other than that they both alleged violations of the same statute.[41] The two claims were "wholly distinct," and had "no real connection" with each other.[42] By contrast, other district courts in this Circuit have found joinder to be proper in cases analogous to this one.[43] To be properly joined, or at least not egregiously misjoined, claims do not have to be identical. They merely have to be related. Here, the claims against Big Red and Safeco are ultimately based on the same set of facts: the overflow of the water heater and subsequent water and mold damage to the home. It is true that the negligence claim against Big Red would

---

[41] *Tapscott*, 77 F.3d at 1355 (finding egregious misjoinder where both class actions were related to the sale of service contracts, but one involved the sale of automobiles, whereas the other involved retail products).

[42] *Id.* at 1360.

[43] *See, e.g., Colson v. Joe E. Heating & Air Conditioning, Inc.*, No. CV-12-J-3839-S, 2012 WL 6186176, at *3 (N.D. Ala. Dec. 10, 2012) (finding joinder proper where plaintiff had contract and negligence claims against HVAC inspector, and bad faith denial claim against home insurer because they were ultimately based on the same set of facts).

require the Pearsons to prove some facts not necessary for their claim against Safeco, and vice versa. But they still have a fundamental relationship with one another. For that reason, even if a state court would find that the claims were misjoined, the Court does not believe they were done so egregiously. Safeco has not met its burden of showing that removal was proper. This case therefore warrants remand.

### B. Attorney's Fees

The Pearsons also move for attorney's fees incurred as a result of this improper removal pursuant to 28 U.S.C. § 1447(c). The Supreme Court has held, however, that attorney's fees should be awarded under this provision only where the "removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[44] While the Court is aware of the circumstances and history of this litigation, and the likely cost of twice having to address removal motions, the Court cannot say that Safeco lacked *any* reasonable basis for believing that it could remove this case. Given Safeco's well reasoned, if ultimately incorrect, briefs, the Court finds that no fees or costs are warranted in this instance.

### IV. Conclusion

For the foregoing reasons, the Pearsons' Motion to Remand [Doc. 5] is GRANTED in part and DENIED in part, and Safeco's Motion to Dismiss [Doc.

---

[44] *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005).

4] is DENIED for want of jurisdiction. This action is REMANDED to the State Court of Cobb County, Georgia.

SO ORDERED, this 3 day of January, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge